**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **UNITED STATES OF AMERICA,** |
| v. |
| **KEVIN HOLLAND,** |
| **Defendant.** |

Criminal Action 13-33  (RC)

**MEMORANDUM OPINION**

On January 31, 2013, a grand jury indicted Kevin Holland on three counts of cocaine distribution, one count of heroin distribution, and one count of conspiracy to distribute at least five hundred grams of cocaine, an unspecified amount of heroin, and to possess both with the intent to distribute them.  The distribution counts alleged violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), while the conspiracy was allegedly in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(C).  A bench warrant issued, and Mr. Holland was arrested the following day.  He was arraigned, pled not guilty, and was temporarily detained.  The court held a detention hearing this morning and, for the reasons set out below, ordered Mr. Holland detained without bail pending trial.

**I.  LEGAL STANDARD**

Under the Bail Reform Act of 1984, a judge cannot order a defendant detained before trial unless he finds that no conditions of release will reasonably assure either the safety of other persons and the community or the appearance of the defendant in court.  18 U.S.C. § 3142(e)(1). The first finding must be made by clear and convincing evidence, *id.* § 3142(f); the second need only be made by a preponderance of the evidence, *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987); *United States v. Vortis*, 785 F.2d 327, 328 (D.C. Cir. 1986) (per curiam);

*United States v. Beauchamp-Perez*, 822 F. Supp. 2d 7, 9 (D.D.C. 2011); *United States v. Hanson*, 613 F. Supp. 2d 85, 87–88 (D.D.C. 2009).  "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*). . . ."  18 U.S.C. § 3142(e)(3), (A).

"Section 3142(g) of the [Bail Reform] Act sets out the factors to be considered by the magistrate or judge in deciding whether available conditions will reasonably assure the defendant's appearance [or the safety of others]: the nature and circumstances of the offense, particularly its nonviolent nature; the weight of the evidence; the history and characteristics of the person, including his character, family ties, employment, length of residence in the community, community ties, past conduct, criminal history, and record of court appearances; and the danger the defendant poses to the community if released."  *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996) (per curiam).  Both parties may proffer information relevant to this analysis.  *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (per curiam).

## II.  ANALYSIS

Mr. Holland's indictment on a charge of conspiracy to distribute and to possess with the intent to distribute at least five hundred grams of cocaine establishes probable cause to believe that he has committed that offense, which subjects him to a maximum term of life imprisonment. The court therefore begins its analysis with the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community and the

appearance of Mr. Holland as required.  *See* 18 U.S.C. § 3142(e)(3)(A) (presumption arises on finding of probable cause to believe accused violated Controlled Substances Act and is subject to at least ten years' imprisonment); 21 U.S.C. § 841(b)(1)(B)(ii) (possession of 500 grams cocaine with intent to distribute carries maximum sentence of life); *id.* § 846 (conspiracy punished as though it were completed offense); *Smith*, 79 F.3d at 1210 (holding that "indictment [on a covered offense] alone [is] enough to raise the rebuttable presumption that no condition would reasonable assure the safety of the community"); *accord United States v. Williams*, 903 F.2d 844 (D.C. Cir. 1990) (per curiam) (unpublished opinion).

The court first considers "the nature and circumstances of the offense charged."  18 U.S.C. § 3142(g)(1).  Each of the charged offenses "involves . . . a controlled substance."  *Id.*  The first factor therefore weighs against Mr. Holland.

The court next considers "the weight of the evidence against" Mr. Holland.  *Id.* § 3142(g)(2).  At the detention hearing, the government proffered that each of the distribution charges stemmed from a controlled drug purchase made by a cooperating witness, and that such witnesses had recently made purchases of fifty and one hundred grams of heroin.  The government also proffered that the conspiracy charge was supported by recordings of what the government believed to be coded telephone conversations in which Mr. Holland conspired to purchase narcotics with the intent to distribute them.  Mr. Holland offered nothing to contradict the government's account.  The court therefore concludes that the weight of the evidence against Mr. Holland is significant.

Turning to "the history and characteristics of" Mr. Holland, *id.* § 3142(g)(3), the court

notes that he is currently self-employed at a job that he has purportedly held for some time, and has substantial local family ties—indeed, it appeared that many of his family members were present at today's hearing—along with a history of residence in the area, all of which weighs in his favor under 18 U.S.C. § 3142(g)(3)(A). On the other hand, he has previously been convicted of or pled guilty to the distribution of cocaine, assault, theft, and reckless driving, which weigh against him, *see id.*, and was on probation at the time of his arrest on this charge, which also weighs against him, *see id.* § 3142(g)(3)(B). Indeed, there is an outstanding warrant for his arrest for violating the terms of his probation. The court need not resolve the parties' dispute about the circumstances of that assault or Mr. Holland's awareness of that warrant to conclude that, on balance, the defendant's history and characteristics weigh heavily against his release.

Finally, the government suggested that Mr. Holland's release would pose a serious "danger to any person or the community," *id.* § 3142(g)(4), because he would be liable to resume the unlawful sale of narcotics, as he is currently charged with and has previously been convicted of doing. Mr. Holland replied that placement in the high intensity supervision program would eliminate any such danger. That possibility would certainly lessen the danger posed by release, but would not eliminate it. Given Mr. Holland's previous history of both assault and cocaine distribution, the court concludes that his release into high intensity supervision would still pose some danger to the community, albeit a smaller danger than release without conditions.

Considering the proffers of both the government and Mr. Holland, the court finds that the defendant has not rebutted the statutory presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id.* § 3142(e)(3). Mr. Holland is charged with several offenses involving

controlled substances.  The government made a convincing proffer that he had committed those offenses, and the defendant offered nothing to rebut that proffer.  Mr. Holland has several prior convictions, including one for illegal distribution of narcotics, and was on probation at the time of his arrest on these charges.  Given his history of assault and drug dealing, the defendant would pose some danger to the community if released, although that danger could possibly be mitigated by placement in a program of high intensity supervision.  On his behalf, Mr. Holland offers only his denial of his guilt and his connections to family and the local community, including his present self-employment.  That is not nearly enough to rebut the statutory presumption of detention.  And even if it were, the government has shown by clear and convincing evidence that no conditions of release would reasonably assure the safety of the community and its members.

### III.  CONCLUSION

For the reasons set out above, the court has ordered Mr. Holland detained without bail pending trial.

Rudolph Contreras  
United States District Judge

Date: February 13, 2013